**UNITED STATES, Appellee,**

v.

**Specialist Five Ronald CLIFTON, SSN
247–90–6108 United States
Army, Appellant.**

**CM 440047.**

U. S. Army Court of Military Review.

14 July 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, and Captain Edwin S. Castle, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Rexford T. Bragaw, III, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for the appellee.

Before JONES, Senior Judge, and GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

Contrary to his pleas, this appellant was convicted of rape and adultery in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934. His approved sentence consisted of reduction to the grade of E–1, confinement at hard labor for three years, forfeiture of all pay and allowances, and a dishonorable discharge.

The appellant assigns four errors as requiring relief. Two may be disposed of summarily. First, we agree with the appellee that the trial counsel's closing argument on findings did not prejudicially transcend the standard of fair comment on the evidence and inferences drawn therefrom. Second, accepting arguendo appellant's assertion that a reasonable, bona fide mistake of fact as to the consent of the victim is a defense to the charge of rape, we find any such mistake to have been unreasonable under the facts of this case. Accordingly, such a defense, if it exists in the law, is inapposite and unnecessary to discuss further.

◼ The appellant also claims for the first time on appeal that the adultery specification is fatally defective in that it does not allege a necessary element, *viz*, that one party to the sexual intercourse was married to a third person.* The appellee responds that inclusion of the phrase "a woman not his wife" in the specification fairly implies that the appellant was married to another, thereby satisfactorily alleging that element. We agree that, in the absence of an objec-

---

* The specification is as follows: In that Specialist Five Ronald Clifton, United States Army, 800th Materiel Management Company, 2d Support Command (Corps), did, at Beuren-Balzholz, Federal Republic of Germany, on or about 2030 hours, 5 November 1979, wrongfully have sexual intercourse with Christine Gwiessner, a woman not his wife, said offense occurring outside the territorial limits of the United States.

tion below, even an inartfully couched specification survives if by any fair construction the facts making out the offense sought to be charged are implied in its language. *United States v. Phillips*, 7 U.S.C.M.A. 737, 23 C.M.R. 201 (1957); *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953). We disagree, however, that the phrase "a woman not his wife", *standing alone*, implies anything regarding the marital status of either party to the intercourse. It is as likely from the pleading that either one or both were single as it is that one was married. Accordingly, the specification of Charge II fails to state an offense.

Finally, in view of our disposition of the adultery charge, we do not reach the merits of whether coincident rape and adultery are multiplicious for sentencing. The members of the court sentenced the appellant for both offenses without a multiplicity instruction. Our setting aside his conviction for adultery necessitates reassessment of his sentence on the charge of rape in either event.

The findings of guilty of Charge II and its specification are set aside and the Charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for reduction to the grade of E–1, confinement at hard labor for thirty months, forfeiture of all pay and allowances, and a dishonorable discharge.

Senior Judge JONES and Judge GARN concur.