**UNITED STATES**

v.

**Airman First Class Damon A. GARRETT, FR 452–27–4671, United States Air Force.**

**ACM 24063.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 June 1983.

Decided 20 Jan. 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens and Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

The accused was convicted, contrary to his pleas, of adultery and indecent assault. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year and reduction to airman basic.

On appeal, the accused assigns four errors for our consideration; a discussion of only two is necessary to resolve this case. The first is that the military judge erred in allowing the trial counsel to amend the adultery specification after arraignment. The second is that the military judge erred in admitting into evidence, over the accused's objection, a statement of the accused's co-actor, who did not testify. We agree in both instances.

### I

The facts of this case are not generally in dispute. The victim, Airman First Class Jeanine B., organized a party for a departing friend. Because of inclement weather, the party was held in her dormitory room. She posted an invitation to the party on her door, basically inviting all to come. The last person to leave the party was the guest of honor, and, after his departure, the hostess went to bed. Shortly thereafter the

accused and Staff Sergeant V noticed the sign on the door and entered the room to join the party. According to the accused, V went into the sleeping area of the room while he [the accused] remained, out of sight, in the living area which was separated by a partition. He heard V talk to the victim for a while, after which V called him over to the sleeping area. There, he observed the victim on her bed with no clothes on. Believing that she desired to engage in sexual relations and perceiving that she did not object, the accused engaged in foreplay and then sexual intercourse with the victim. During these acts, he claims the victim wrapped her arms around him and kissed him repeatedly. The victim, on the other hand, claims that she was asleep, gave no consent to any of these acts, and was awakened only when the accused initiated intercourse.[1] She testified that prior to waking up she was having a dream in which she was engaging in sexual intercourse with her boyfriend.

## II

After arraignment, the military judge asked the trial counsel whether the adultery specification as written[2] stated an offense, pointing out that it did not allege that one of the parties was married to a third person. In response, the trial counsel requested permission to amend the specification by adding the words "a married man," claiming that the addition of such words did not materially alter the specification. M.C.M. 1969 (Rev.), paragraph 44f. The defense objected; however, the military judge allowed the amendment and proceeded to trial. This is clearly error.

▇ Prior to its amendment, the specification was inadequate alleging only that the accused had sexual relations with a "woman not his wife." This is insufficient

to state the offense of adultery because such language does not include a necessary element of adultery, i.e., that one of the parties was married to a third party. *United States v. Clifton,* 11 M.J. 842 (A.C.M.R. 1981), *rev'd on other grounds,* 15 M.J. 26 (1983). Where an amendment converts a specification which did not allege an offense into one that does, and the defense objects to proceeding, the Charge must be resworn to, and a new Article 32, U.C.M.J., investigation provided for. *United States v. Louder,* 7 M.J. 548 (A.F.C.M.R.1979), *pet. denied,* 7 M.J. 328 (1979); *United States v. Jones,* 50 C.M.R. 724 (A.C.M.R.1975); *United States v. Hunotte,* 50 C.M.R. 755 (A.C.M. R.1975).

## III

After both sides had rested on the merits, the members of the court were given the opportunity to ask for additional evidence. They requested that V, the accused's co-actor testify. During an out-of-court hearing, the military judge determined: that V had already been tried by court-martial for his involvement; that he had been granted testimonial immunity by the convening authority; and that he was available to testify. V was called into the closed session, was sworn, and testified that he did not remember anything about the offenses and he wished to blot them out of his mind. He was shown a statement which he purportedly executed under advisement of rights, and was asked if that statement refreshed his memory. He testified that he still did not remember anything about the offenses; he did not remember making the statement; the signature appeared to be his, and if he made the statement it was obviously true. Based on these affirmations, the military judge admitted the statement into evidence, finding that it was admissible under Mil.R. Evid. 804(b)(3)[3] and/or Mil.R.Evid.

---

1. The accused was also charged with rape; however, he was acquitted of that by the court.

2. In that ..., did, at Nellis Air Force Base, on or about 6 January 1983, wrongfully have sexual intercourse with Airman First Class Jeanine B..., a woman not his wife.

3. *Rule 804. Hearsay Exceptions; Declarant Unavailable*

 (b) *Hearsay exceptions.*

 (3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the

804(b)(5).[4] He declared:

Based upon the above, I have determined, first of all, that Staff Sergeant V, the declarant, is unavailable as a witness, as defined in Military Rules of Evidence 804a(3), as he lacks memory of the subject matter of the declarations.

In addition to the above, I am of the opinion that Appellate Exhibit twenty-four, [SSgt V's statement] was, at the time of its making, a statement against the declarant's interest, as it subjected him to the possibility of criminal liability. I further find that the nature and proximity in time of the making of the statement are indicative of reliability.

In addition, I find that the statements contained in Appellate Exhibit twenty-four are statements of material facts, that the statements are more probative than any other evidence that the proponent could reasonably procure, as the only other evidence than that of the accused is the alleged victim, who states that she was asleep at the time and unaware of these facts; that the guarantees of trustworthiness are amplified by the general verification of these statements in Appellate Exhibit twenty-five.

I find that the general purpose of the rules in the interest of justice will best be served by admission of the statement into evidence. I conclude that Appellate Exhibit twenty-four would be admissible under Military Rules of Evidence 804(3) generally as a statement against interest and more particularly under the residual hearsay clause in 804(5).

I find that the accused is not denied the right of confrontation due to the inherent trustworthiness of this statement. I find in my own mind that the facts contained in Appellate Exhibit twenty-four are reliable and trustworthy.

Considering the above and the facts that I find, I am additionally of the opinion that Appellate Exhibit twenty-four would be admissible under Military Rule of Evidence 803(5), even considering the Sixth Amendment right of confrontation.

Our review of V's statement reveals that he swore: that he and the accused had been drinking; they went to the barracks; they came upon a sign on one of the doors stating "come in, party in here;" they entered the room and saw that the lights were on and the victim was in her bed apparently asleep; he exposed his penis; he shook the victim a few times, after which he (V) went around a partition out of the sight of the victim and the accused, and, when he looked back around the partition he observed the accused and the victim engaged in sexual intercourse. V had been advised that he was suspected of rape, attempted sodomy, indecent exposure, conspiracy to commit rape and attempted battery; he admitted, at most, indecent exposure, and did not in any way, inculpate himself in any of the relatively more serious offenses.

Although extrajudicial statements made against the penal interest of the declarant may be admissible under Mil.R.Evid. 804(b)(3), the drafters of the Rules failed to specifically provide for the situation where-

declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the position of the declarant would not have made the statement unless the person believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

**4.** (5) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the military judge determines that (A) the statement is offered as evidence of a material fact; (B) the

statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interest of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the intention to offer the statement and the particulars of it, including the name and address of the declarant.

in the declarant is a co-actor not available for cross-examination at trial. The legislative history of Fed.R.Evid. 804(b)(3), from which Mil.R.Evid. 804(b)(3) is taken verbatim, reflects the following:

The House amended this exception to add a sentence making inadmissible a statement or confession offered against the accused in a criminal case, made by a co-defendant or other person implicating both himself and the accused. The sentence was added to codify the constitutional principle announced in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Bruton held that the admission of the extrajudicial hearsay statement of one co-defendant violated the confrontation clause of the Sixth Amendment.

The committee decided to delete this provision because the basic approach of the rules is to avoid codifying, or attempting to codify, constitutional evidentiary principles, such as the Fifth Amendment's right against self-incrimination and, here, the Sixth Amendment's right of confrontation. Codification of a constitutional principle is unnecessary and, where the principle is under development, often unwise. S.Rep. No. 93–1277, 93d Cong., 2d Sess.

■ It has been consistently held that a statement given by a suspect after advisement of rights wherein he seeks to describe the events in such a manner so as to minimize his criminal involvement and, at the same time, inculpate the accused, does not possess that degree of reliability necessary to satisfy the confrontation requirements of the Sixth Amendment.[5] *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Douglas v. Alabama,* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); *Lyle v. Koehler,* 720 F.2d 426 (6th Cir.1983); *Olson v. Green,* 668 F.2d 421 (8th Cir.1982), *cert. denied,* 456 U.S. 1009, 102 S.Ct. 2303, 73 L.Ed.2d 1305 (1982); *United States v. Palumbo,* 639 F.2d 123 (3rd Cir.1981); *United States v. Sarmiento-Perez,* 633 F.2d 1092 (5th Cir.1981); *United States v. Garrett,* 16 M.J. 941 (N.M.C.M.R.1983). As such, the statement is not admissible over defense objection under either Mil.R.Evid. 804(b)(3) or (5). *See generally,* 5 Wigmore, *Evidence,* Sec. 1477 (Chadbourne Rev.1974); 4 J. Weinstein & M. Berger, *Weinstein's Evidence,* paragraph 804(b)(3)[3] (1977).

■ We conclude therefore that the statement of V was improperly admitted into evidence. Our review of the entire record reveals that the error cannot be labelled "harmless beyond a reasonable doubt." *Parker v. Randolph,* 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Aside from the statement of V, the only evidence of record is the testimony of the accused and victim. With no other corroboration, the prejudicial effect of the erroneously admitted statement is obvious.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

KASTL, Senior Judge, and RAICHLE, Judge concur.

---

5. *United States Constitution Amendment VI*
   In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the