**UNITED STATES**

v.

**Diego J. SANCHEZ Seaman, U.S. Coast Guard.**

**CGCM 0001. Docket No. 898.**

U.S. Coast Guard Court of Military Review.

13 April 1988.

Trial Counsel: LCDR Frank E. Couper, USCG.

Defense Counsel: LCDR John M. Crye, USCG.

Associate Defense Counsel: LT Ronald Kilroy, USCG.

Appellate Defense Counsel: LCDR Robert Bruce, USCG.

Appellate Government Counsel: LCDR Arthur R. Butler, USCG.

## DECISION—PANEL ONE

BAUM, Chief Judge:

Appellant pled guilty to a variety of offenses committed while a member of the security force at the Coast Guard Yard, Baltimore, Maryland. Pursuant to those pleas, he was convicted of five specifications of larceny in violation of Article 121, 10 U.S.C.A. § 921, Uniform Code of Military Justice; five specifications of housebreaking in violation of Article 130, 10 U.S. C.A. § 930, Uniform Code of Military Justice; one specification of unauthorized pos-session of keys to buildings at the Coast Guard Yard and two specifications of securing stolen property all in violation of Article 134, 10 U.S.C.A. § 934, Uniform Code of Military Justice; one specification of dereliction of duty in violation of Article 92, 10 U.S.C.A. § 892, Uniform Code of Military Justice; and one specification of conspiracy in violation of Article 81, 10 U.S.C.A. § 881, Uniform Code of Military Justice. Appellant was sentenced by military judge to a bad conduct discharge, confinement for twelve months and reduction to paygrade E–1. Complying with a pretrial agreement, the convening authority initially approved the sentence and suspended the bad conduct discharge, confinement in excess of eleven months and reduction below E–2. Subsequently, in a supplemental action, the convening authority suspended the unexecuted portion of confinement. At that time, the accused had served approximately six months of this portion of the sentence. Appellant has now assigned five errors before this Court. We agree with the first assignment but reject the remainder.

In assignment one, it is asserted that the military judge erred at the sentencing stage by admitting in evidence a Government offered hearsay statement depicting appellant as the instigator of thefts of television sets, an account at variance with the accused's description of events. The complained of evidence was part of a statement made to Coast Guard investigators by a co-conspirator who, after being advised of his rights as a suspect, described events in a manner that minimized his criminal involvement and portrayed appellant as the more culpable party. Under the circumstances, we do not believe the portion of the statement offered met the terms of Military Rule of Evidence 804(b)(3), the rule under which it was admitted. That provision, the "statement against interest" exception to the hearsay rule, is based on the supposition that "a reasonable person in the position of the declarant would not have made the statement [against interest] unless the person believed it to be true." *Id.* The evidence

in question, which casts appellant in a light more unfavorable than the declarant, was neither contrary to the declarant's interest in its thrust nor was it supported by other circumstances that would indicate its trustworthiness. The Air Force Court of Military Review addressed the same question in *United States v. Garrett*, 17 M.J. 907 (AFCMR 1984) and, in finding the statement there inadmissible, said:

It has been consistently held that a statement given by a suspect after advisement of rights wherein he seeks to describe the events in such a manner so as to minimize his criminal involvement and, at the same time, inculpate the accused, does not possess that degree of reliability necessary to satisfy the confrontation requirements of the Sixth Amendment.[5] *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); *Lyle v. Koehler*, 720 F.2d 426 (6th Cir. 1983); *Olson v. Green*, 668 F.2d 421 (8th Cir.1982), cert. denied, 456 U.S. 1009, 102 S.Ct. 2303, 73 L.Ed.2d 1305 (1982); *United States v. Palumbo*, 639 F.2d 123 (3rd Cir.1981); *United States v. Sarmiento–Perez*, 633 F.2d 1092 (5th Cir.1981); *United States v. Garrett*, 16 M.J. 941 (N.M.C.M.R.1983). As such, the statement is not admissible over defense objection under either Mil.R.Evid. 804(b)(3) or (5). See generally, 5 Wigmore, Evidence, Sec. 1477 (Chadbourne Rev.1974); 4 J. Weinstein & M. Berger, Weinstein's Evidence, paragraph 804(b)(3)[3] (1977).

---

5. United States Constitution Amendment VI

In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ... *Id.* at 911.

For the same reasons, we find the judge erred in the case before us by admitting the co-conspirator's statement in evidence. Through its admission, appellant was denied his Constitutional right to confront the witness. Mindful of our analysis in *United States v. Miller*, 23 M.J. 837 (CGCMR 1987), we are unable to say this error was harmless beyond a reasonable doubt. Accordingly, we will reassess the sentence.

■ The second assignment of error, which contends that the housebreaking offenses are multiplicious for sentencing with the larceny offenses, is rejected based on *United States v. Weaver*, 18 USCMA 173, 39 CMR 173 (1969) and *United States v. Gibson*, 3 USCMA 746, 14 CMR 164 (1954). The holdings in those cases, that offenses of housebreaking with intent to commit larceny are not multiplicious with larceny offenses committed after entry, have not been overruled either expressly or by implication, despite subsequent cases expanding on the concept of multiplicity.

■ Appellant asserts in his third assignment that the judge erred in equating for sentencing purposes the unauthorized key possession offense with the Article 134, Uniform Code of Military Justice offense of unauthorized pass possession. At trial, the accused and his counsel did not object to such a comparison when the judge proposed that elements for the two offenses be treated as the same. (R. 83). The accused and counsel also had no objection to a maximum sentence that was computed by utilizing the pass offense maximum sentence for the key offense. (R. 110). Any error in this regard was waived and assignment of error three is rejected.

■ The fourth assignment of error submits that appellant was prejudiced by improper pretrial agreement provisions which originated with the convening authority. The military judge thoroughly inquired into the agreement and developed on the record that plea bargain terms requiring trial by judge alone and waiver of all pretrial motions, while not originating with the accused, were not forced upon him by the Government. As we said in *United States v. Huber*, 24 M.J. 697 (CGCMR 1987), it is our view that the most important matter for determination is not the source of an agreement's provisions but whether terms, such as those requiring trial by judge alone, undermine important rights and, thus, prevent those rights from being via-

ble options for an accused. Here, the judge's inquiry, as in *Huber, supra,* made it eminently clear that neither the right to trial by court members nor the right to raise various pretrial motions was undermined by the pretrial agreement. Those rights were viable options freely negotiated away by the accused in return for a desired sentence limitation. Accordingly, we find no merit in appellant's fourth assignment of error, despite the fact that the provisions in question were first suggested by a representative of the Government.

 In his last assignment, appellant contends that the approved sentence is disproportionately severe compared to the sentences approved for his co-actors. We disagree. We will reassess the sentence, however, in light of the earlier stated error. Upon reassessment, we note that the convening authority took mitigating action on the sentence beyond that required by the pretrial agreement. We find the sentence, as approved and partially suspended by the convening authority, appropriate for this accused and the offenses. Moreover, applying the standard from *United States v. Sales,* 22 M.J. 305 (CMA 1986), we are persuaded beyond a reasonable doubt that our reassessment has rendered harmless the error in admitting the co-conspirator's statement. The findings of guilty and sentence approved and partially suspended below are affirmed.

Judges BRIDGMAN and JOSEPHSON concur.