UNITED STATES

v.

Michael R. HANDY, Fireman, U.S. Coast Guard.

CGCM 0004.
Docket No. 901.

U.S. Coast Guard Court of Military Review.

13 June 1988.

Trial Counsel: Lt. Robin K. Kutz, U.S.C.G.

Detailed Defense Counsel: Lt. David M. Shippert, U.S.C.G.R.

Appellate Government Counsel: L.Cdr. Arthur R. Butler, U.S.C.G.

Appellate Defense Counsel: L.Cdr. Robert Bruce, U.S.C.G.

En Banc.

DECISION

BAUM, Chief Judge:

Appellant was tried by general court-martial, judge alone, and pursuant to his pleas was convicted of two specifications of dereliction of duty, one specification of larceny, one specification of unlawful entry, one specification of receiving stolen property and one specification of unauthorized possession of one or more government master keys to buildings or spaces at the U.S. Coast Guard Yard, Baltimore in violation of Articles 92, 121, 130 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, 930, 934. The sentence imposed was a bad conduct discharge, confinement for one year and reduction to paygrade E–1. The convening authority approved the sentence but suspended the bad conduct discharge for 18 months in accordance with the terms of a pretrial agreement. Before this Court, appellant has submitted four assignments of error. The first two errors assigned were advanced and rejected in the companion case

of *United States v. Sanchez*, 26 M.J. 564 (C.G.C.M.R.1988). They are also rejected here for the same reasons as set out in *Sanchez, supra.* In his fourth assignment of error, appellant contends that he is entitled to sentence relief because he has been subjected to more than seven months of illegal restriction which was added to his confinement as punishment. That restriction, which prompted no complaint until it was about to be terminated, was imposed after trial while appellant was hospitalized for post operative treatment and therapy on his arm.

Upon completion of his trial on 2 June 1987, appellant was initially confined at an Army detention facility at Fort George G. Meade, Maryland with the expectation that he would be transferred to the Naval Brig at Philadelphia. The U.S. Public Health Service Senior Medical Officer, who examined appellant at that time, found him fit for confinement but noted a post operative wound infection on the left elbow requiring a daily dressing change. The confinement order medical certificate also reflected appointments for appellant at Fort Meade's Kimbrough Army Community Hospital on 5 and 10 June. Thereafter, on 4 June 1987, appellant's commanding officer submitted a request to the commanding officer of the Fort Meade Detention Facility for appellant's temporary release to Coast Guard custody for the purpose of obtaining medical care at Kimbrough Army Community Hospital, with an estimated length of hospitalization of 7 days. That written request also indicated that appellant would be restricted while an inpatient at the hospital. Subsequently, the commanding officer amended that 7 day restriction order on 10 June 1987 to reflect restriction "to the limits of Kimbrough Army Community Hospital, Ft. Meade, Maryland for medical treatment until 30 June 1987." Thereafter, the commanding officer amended the order seven more times, extending the restriction until 31 January 1988 in monthly increments. It is this restriction that appellant asserts was illegal, questioning it for the first time at the end of 1987 when plans

were being made to terminate the restriction and finally confine him at the Philadelphia Naval Brig in accordance with the convening authority's action of 11 August 1987 which approved his sentence and designated the U.S. Naval Brig, Philadelphia, Pennsylvania as the place of confinement. When transfer to that brig appeared imminent, the accused submitted a request to the convening authority for deferment of the confinement, having refused to submit such a request at the time of his hospitalization in June 1987 when that option was presented to him by his commanding officer. Appellant petitioned this Court for a writ of habeas corpus on January 12, 1988, to stay or defer his confinement pending resolution of the issues presented concerning illegal restriction and the crediting of that restriction against the approved confinement, which had been running from the date of trial. This writ petition, as well as a request for a *DuBay*[1] hearing contained in appellant's reply to the Government, were denied on 20 January 1988 after appellant had already commenced actual service of his confinement on January 12th. Upon this Court's denial of a request for reconsideration of this decision, appellant applied to the U.S. Court of Military Appeals for relief and that, too, was denied. *United States v. Handy*, 26 M.J. 89 (C.M. A. Journal 1988).

Appellant has now reasserted in his assignment of error contentions previously raised in the habeas corpus petition. Specifically, appellant argues that restriction can only be imposed as a punishment by a court-martial or in accordance with Article 15, Uniform Code of Military Justice and that such punishment has been limited to two months by the President in Rule for Courts–Martial 1003(b). While appellant acknowledges that a convening authority has power to change an approved punishment to one of a different nature as long as the severity is not increased, he says this commutation power is limited to punishment which a court-martial may adjudge. Therefore, he argues that even if the convening authority had properly

---

1. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37    C.M.R. 411 (1967).

changed some of appellant's confinement to restriction, it could not have been for more than two months under the terms of Rule for Courts–Martial 1003(b). Appellant says, however, that no attempt has been made by the convening authority to change appellant's confinement to restriction. Instead, according to his assignment of error, the more than seven months restriction has been illegally added onto the twelve months confinement by his commanding officer. In this regard, appellant cites *United States v. Robinson*, 3 M.J. 65 (C.M.A.1977) and Rule for Courts–Martial 1107(d)(1) for the proposition that adjudged punishments cannot be increased by the additional imposition of restriction.

In answer, the Government says that appellant's restriction was an appropriate administrative action rather than the alleged additional punishment. The Government contends that such restriction "may be imposed as a legitimate administrative measure without reference to the UCMJ," citing Rule for Courts–Martial 304(h); *United States v. Bradford*, 25 M.J. 181 (C.M.A.1987); and *United States v. Johnson*, 24 M.J. 796 (A.C.M.R.1987). Government brief at p. 24. In this regard, the Government says there were several legitimate concerns which may well have formed the basis for the restraint, such as ensuring appellant's presence for treatment and therapy to facilitate rapid recovery and also to ensure that, as a convicted and sentenced prisoner, he did not flee. According to the Government, the minimum restraint necessary to these ends was ordered, that is, "moral" restriction to the hospital grounds as opposed to "physical restraint" with posted guards. In analyzing the facts here, the Government invites our attention to the approach taken by the Court of Military Appeals in *United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985), a case dealing with pretrial confinement. In that case, the court looked to a Supreme Court opinion for guidance in determining whether particular conditions amounted to punishment before trial. The Court of Military Appeals noted that in *Bell v. Wolfish*, 441 U.S. 520, 539, 99 S.Ct. 1861, 1874, 60

L.Ed.2d 447 (1979) the U.S. Supreme Court said that:

> [I]n the absence of a showing of intent to punish, a court must look to see if a particular restriction or condition, which may on its face appear to be punishment, is instead but an incident of a legitimate nonpunitive governmental objective.

*United States v. Palmiter* at 95.

■ While both the Court of Military Appeals and the Supreme Court were dealing with pretrial confinement, we believe the same principles apply to the moral restriction imposed here. If the intent of the commanding officer in ordering the restraint was administrative in nature rather than punitive, we believe the Manual for Courts–Martial two month limitation on restriction would not apply nor would appellant's contentions concerning the restriction being an illegal addition to the confinement. Recognizing the importance of intent with respect to this matter, appellant has urged us to refer the case to a *DuBay* hearing so that evidence may be developed and the issue resolved with some degree of certainty. We believe that such a course would assuredly assist in determining the true nature of the restriction, but that such a step is neither necessary nor desirable at this point. While the restraint imposed appears to us to be a legitimate exercise of the commanding officer's administrative authority, in the interest of judicial economy, development of evidence at a hearing which might support such a conclusion will not be pursued, because we adhere to our previous position that no matter how the restriction is characterized, sentence relief is not warranted.

■ As we said in denying appellant's habeas corpus petition last January, "assuming, without deciding, that the restriction ordered by appellant's commanding officer was illegal, as asserted by appellant, we find no authority, nor has appellant cited any, that entitles him to day for day credit for such restriction in addition to unserved, undeferred, confinement which has already run...." Appellant has not presented anything in his assignment of error to dissuade us from this earlier view

that he was not entitled to day for day credit. Moreover, we see no basis for granting any kind of credit for the restriction. Appellant was sentenced to twelve months confinement which was approved and ordered executed by the convening authority. Because of medical treatment and therapy accorded him for his arm, he ended up serving less than three months of this twelve month sentence.[2] The fact that he was restricted to the limits of the hospital during his more than seven months as an inpatient does not lead us to the conclusion that he has suffered a deprivation of liberty more onerous than the approved confinement. That the accused saw this lesser form of restraint as a welcome substitute for confinement is evidenced by his failure to object until such time as it was about to be lifted and his transfer to a confinement facility effected. The assertions in appellant's fourth assigned error, do not call for a further reduction in the sentence.

 In his third assignment, appellant contends that his sentence is disproportionately severe when compared to sentences approved for co-actors. We disagree. We find the sentence in this case appropriate for this accused and the offenses of which he has been found guilty. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges BRIDGMAN, BURGESS, JOSEPHSON and BARRY concur.

---

**2.** In this regard, it is noted that, in addition to receiving credit for unserved confinement that statutorily ran from the date of trial, it appears that appellant may have also earned good time during that period, leading to an early release after he was finally incarcerated in January. Although not explained by counsel, the projected release date of 21 March 1988, noted in pleadings, for the twelve months confinement adjudged on 2 June 1987 is presumed to be based on a crediting of good time for the entire twelve months.