## UNITED STATES, Appellee,

v.

## Staff Sergeant Willie L. KING, 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, United States Army, Appellant.

### ACMR 9000332.

U.S. Army Court of Military Review.

25 Jan. 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Michael P. Moran, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Kenneth H. Goetzke, Jr., JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant, a drill sergeant, was tried by a special court-martial composed of officers and enlisted members. Contrary to his pleas, he was found guilty of violating a regulation by having sex with a trainee, obstruction of justice, and adultery. He was sentenced to a bad-conduct discharge. The convening authority approved the sentence.

The sole issue before this court is whether the military judge erred by denying a defense motion for a finding of not guilty to the adultery specification where it failed to allege that appellant was a married man.[1] We find the specification sufficient and affirm.

The objection to the specification was first raised as a motion for a finding of not guilty after the government had rested. The military judge denied the motion stating, "[h]owever, I think [the specifiction is] barely sufficient enough to get by [sic] and I think there's enough there to go to the jury on the issues, so I will deny the motion on this one." Appellant proceeded to present a defense to the charge by denying the offense and presenting a defense of alibi.

In *United States v. Clifton*, 11 M.J. 842 (A.C.M.R.1981), *rev'd on other grounds*, 15 M.J. 26 (C.M.A.1983), this court held that a specification similar to the one before us failed to state an offense. In *Clifton*, the objection was raised for the first time on appeal. The court stated, "[w]e disagree, however, that the phrase 'a woman not his wife,' *standing alone*, implies anything regarding the marital status of either party to the intercourse. It is as likely from the pleading that either one or both were single as it is that one was married." 11 M.J. at 843 (emphasis in original).

Since *Clifton*, four significant cases have been decided which impact on the view in that case. In *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986), a guilty plea specification for absence without leave failed to allege "without authority". The Court held that where the accused does not challenge the specification at trial, pleads guilty, has a pretrial agreement, satisfactorily completes the providence inquiry, and has suffered no prejudice, the conviction will not be reversed on the basis of defects in the specification. *Id.* The holding in *Watkins* was applied to an attempt to distribute drugs in *United States v. Brecheen*, 27 M.J. 67 (C.M.A.1988). In *United States v. Bryant*, 30 M.J. 72 (C.M.A.1990), *Watkins* and *Brecheen* were applied for the first time to a not guilty plea case in which an objection to the defective specification was raised at trial. In *United States v. Berner*, 32 M.J. 570 (A.C.M.R. 1991), this court applied *Bryant* to a specification involving possession of marijuana with intent to distribute where the word wrongfully was not alleged and where a plea of not guilty was entered. There, we found an inference of wrongfulness in the allegation of possession with intent to distribute. We also found, in *Berner*, that appellant was on notice of the offense against which he had to defend and was protected from further prosecution for the same offense. We held that where an accused does not challenge a specification at trial, defends against it and suffers no prejudice, the specification was sufficient to withstand a challenge raised for the first time after trial.

In the case before us, we find in the words "wrongfully have sexual intercourse" in addition to the words "a woman not his wife" an implication that one of the parties had to be married. Even though appellant objected to the specification after the government rested, he was on notice of the offense. He continued to defend against the offense of adultery. There is no doubt that the record will protect appellant from further prosecution for this of-

---

1. The allegation states: Charge II; Violation of UCMJ, Article 134 ... Specification 2: In that Staff Sergeant Willie L. King, U.S. Army, V Company, 262d Quartermaster Battalion, 23d Quartermaster Brigade, Fort Lee, Virginia, did at Chester, Virginia, on or about 3 September 1989, wrongfully have sexual intercourse with Private First Class Cassandra L. Taft, a woman not his wife.

fense. Consequently, we find no prejudice to the appellant arising from the inartfully drafted specification.[2]

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge VARO concur.

2. Again, we caution Staff Judge Advocates and counsel to avoid careless pleading. Comparing the charged specification with the model specifi- cation would avoid unnecessary appellate litigation.