# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Leland D. SHULTZ
### Chief Electronics Technician (E-7), U.S. Coast Guard

### CGCMSP 25014
### Docket No. 1486

### 20 September 2023

Special court-martial sentenced adjudged on 15 November 2022.

| | |
|---|---|
| Military Judge: | CDR Timothy N. Cronin, USCG |
| Appellate Defense Counsel: | LT Schuyler B. Millham, USCG |

## BEFORE
## McCLELLAND, BRUBAKER & HERMAN
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial composed of military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of false official statement, in violation of Article 107, Uniform Code of Military Justice (UCMJ), and one specification of extramarital sexual conduct, in violation of Article 134, UCMJ. The court sentenced Appellant to reduction to E-3 and a bad-conduct discharge. The convening authority suspended reduction in grade beyond reduction to E-5. Thereafter, judgment was entered.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

The specification of extramarital conduct calls for our attention:

> In that [Appellant], while on active duty, did, at or near Portsmouth, Virginia, on or about January 2020 through January 2021, wrongfully engage in extramarital conduct, to wit: had sexual intercourse with [JH], a person the accused knew was not the accused's spouse, and that such conduct was of a nature to bring discredit upon the armed forces.

This specification is intended to allege what was formerly called adultery, that is, sexual intercourse between two persons, at least one of whom is married to someone else. However, it does not allege that either person was married. It is therefore an inadequate specification. *United States v. King*, 34 M.J. 95, 97 (C.M.A. 1992).

During the providence inquiry, the military judge informed Appellant of the elements of this offense, including: "Two, that at the time, you were married to someone else, which you knew." R. at 32. Appellant acknowledged, "I was still married while I had a sexual relationship with somebody that was not my wife." R. at 34. Given the proper plea inquiry that took place, the defective specification did not prejudice Appellant's substantial rights. *United States v. Ballan*, 71 M.J. 28, 35 (C.A.A.F. 2012).

We note that the convening authority, in suspending a portion of the sentence, failed to specify the conditions or period of probation, as required by Rule for Courts-Martial 1107(c) and (d)(3), *Manual for Courts-Martial, United States* (2019) (*MCM*). Further, the military judge, in the Entry of Judgment, stated the sentence to be entered thus: "Reduced to E-3, sentence suspended by Convening Authority to a reduction to E-5." This language does not conform to the convening authority's language or to customary language, and it is confusing. As there is no indication of any proceedings to vacate the suspension, we will simply disapprove reduction below E-5.

**Decision**

Only so much of the sentence as provides for reduction to E-5 and a bad-conduct discharge is affirmed. We determine that the findings and sentence, as modified, are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as modified, are affirmed.



For the Court,

Sarah P. Valdes
Clerk of the Court