**UNITED STATES, Appellee,**

v.

**Robert B. BRECHEEN, Private First Class, U.S. Army, Appellant.**

No. 58,506.

CM 8601246.

U.S. Court of Military Appeals.

Sept. 29, 1988.

For Appellant: *Captain Gregory B. Upton* (argued); *Colonel John T. Edwards, Major Kathleen A. VanderBoom, Major (P) Russell S. Estey* (on brief); *Lieutenant Colonel Charles A. Zimmerman.*

For Appellee: *Captain Eva M. Novak* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Kathryn F. Forrester* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

On November 25, 1986, appellant was tried by military judge sitting alone as a general court-martial at Fort Ord, California. Pursuant to his pleas, he was found guilty of absence without leave and two specifications of attempted distribution of lysergic acid diethylamide (LSD), in violation of Articles 86 and 80, Uniform Code of Military Justice, 10 USC §§ 886 and 880, respectively. He was sentenced to a bad-conduct discharge, confinement for 7 months, total forfeitures, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority approved the sentence as adjudged, but reduced the forfeitures to $300.00 pay per month for 8 months. The Court of Military Review affirmed in a memorandum opinion.

This Court granted review of the following issues:

I

WHETHER SPECIFICATIONS 1 AND 2 OF THE ADDITIONAL CHARGE (ATTEMPTED DISTRIBUTION OF LSD) ARE INSUFFICIENT TO ALLEGE A VIOLATION OF THE UNIFORM CODE OF MILITARY JUSTICE IN THAT THEY DO NOT ALLEGE THE ESSENTIAL ELEMENT OF WRONGFULNESS.

II

WHETHER THE ARMY COURT OF MILITARY REVIEW IGNORED THE

CONTROLLING COURT OF MILITARY APPEALS PRECEDENT OF *UNITED STATES V. BRICE*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967).

We hold that the belatedly challenged specifications are legally sufficient and that the Court of Military Review correctly followed our controlling precedent of *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986). *See generally United States v. Jones*, 23 M.J. 301 (C.M.A.1987).

The specifications which appellant attacks for the first time on appeal allege the following:

CHARGE: VIOLATION OF UCMJ, ARTICE 80

Specification 1: In that ... [appellant] did, at Marina, California, on or about 31 July 1986, attempt to distribute 100 individual dosage units of Lysergic Acid Diethylamide, a controlled substance, by transferring 100 squares of what he believed to be Lysergic Acid Diethylamide to Special Agent Russ Ayers.

Specification 2: In that ... [appellant] did, at Marina, California, on or about 4 August 1986, attempt to distribute 98 individual dosage units of Lysergic Acid Diethylamide, a controlled substance, by transferring 98 squares of what he believed to be Lysergic Acid Diethylamide to Special Agent Russ Ayers.

He particularly contends that the challenged specifications are legally deficient because they fail to allege an essential element of the charged offense, i.e., wrongfulness, either expressly or by fair implication.

■ Each of the challenged specifications failed to expressly allege that appellant attempted to "wrongfully" distribute LSD. *Cf. United States v. Watkins, supra* at 210. Moreover, wrongfulness is an essential element of the crime of distribution of a controlled substance under Article 112a, UCMJ, 10 U.S.C. § 912a. *See United States v. Mance*, 26 M.J. 244 (C.M.A.1988); *United States v. Ford*, 23 M.J. 331 (C.M.A. 1987). However, appellant did not challenge these specifications at trial, pleaded guilty, had a pretrial agreement, satisfacto-

rily completed the providence inquiry (including admitting his distributions were wrongful) and suffered no demonstrable prejudice. Accordingly, the question of importance is whether each of these specifications is nonetheless so defective that it "cannot within reason be construed to charge a crime." *United States v. Watkins, supra* at 210.

We are aware of the decision of this Court in *United States v. Brice*, 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967), and recognize that it supports an argument that failure to expressly allege wrongfulness renders any drug-offense allegation defective. We have serious doubt, however, whether that interpretation of our opinion should control our decision in the present case. *See United States v. Watkins, supra* at 210. Since the time of *Brice*, drug offenses have been expressly prohibited by a codal provision, Article 112a, and pleading practice is less strictly prescribed by R.C.M. 307(c)(3), Manual for Courts-Martial, United States, 1984. *Cf.* paras. 213(a) and 28(a)(3), Manual for Courts-Martial, United States, 1951. Moreover, it is well recognized by this Court and federal courts in general that the essential elements of a crime need not be expressly alleged so long as they may be ꞏfound by reasonable construction of other language in the challenged specification. *See United States v. Watkins, supra; United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953); *United States v. Hooker*, 841 F.2d 1225 (4th Cir.1988) (en banc); *United States v. Wabaunsee*, 528 F.2d 1 (7th Cir. 1975).

Turning to the challenged specifications, we note, first of all, that the LSD alleged to have been distributed by appellant is also alleged to be "a controlled substance." *See* Art. 112a(a). There is no lawful "medical use" for this substance under federal law (*see* 21 U.S.C. § 812(b)(1)(B)); and, accordingly, this wording of the specification suggests that the distribution charged was not pursuant to medical duties. *See* para. 37c(5)(B), Part IV, 1984 Manual, *supra*. We also note that each specification alleges

that appellant attempted to distribute "what he believed to be" LSD. This allegation of a mental state comports with the knowledge required for wrongful distribution of drugs under Article 112a. *See generally United States v. Mance, supra;* para. 37c(5)(C). Finally, the large amount of LSD alleged in multiple-user units and the allegation of distribution itself suggest strongly that a legitimate law enforcement activity was not involved. *Cf.* para. 37c(5)(A). The specific language noted above was not present in the pleadings at issue in *Brice.* Accordingly, despite their poor draftsmanship, we hold that the specifications as a whole can be reasonably construed to embrace an allegation of the element of wrongfulness required for conviction under Article 112a or an attempt thereof under Article 80. *See United States v. Harper,* 22 M.J. 157, 162–63 (C.M.A.1986).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.