*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
STEPHENS, GERRITY, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Mark E. HALLER**
Lieutenant Commander (O-4), Medical Corps, U.S. Navy
*Appellant*

**No. 202100069**

Decided: 24 January 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Kevin S. Woodard

Sentence adjudged 22 December 2020 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: letter of reprimand and a dismissal.[1]

For Appellant:
*Captain Thomas P. Belsky, JAGC, USN*

---

[1] The Convening Authority disapproved the letter of reprimand as a matter of clemency.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

GERRITY, Judge:

Appellant was convicted, in accordance with his pleas, of violating Article 92, Uniform Code of Military Justice, [UCMJ] for dereliction of duty for willfully failing to practice medicine in accordance with Naval standards by prescribing controlled substances to his wife and his daughter's boyfriend; of violating Article 112a, UCMJ, for wrongful possession of a controlled substance, and of violating Article 133, UCMJ, for wrongfully possessing, in his home, non-controlled prescription medications for which he had no valid, current prescription.[2]

Appellant does not assert any assignments of error.

Based on our independent review of the record of trial under Article 66, UCMJ, we question his conviction under Article 133, UCMJ. The issue is whether simple possession, without more, of two prescription non-controlled substances in a private, off-base residence constitutes conduct unbecoming an officer. Both substances were prescribed for anxiety and sleep issues and obtained in approximately 2014; one was obtained by Appellant with a legitimate prescription but was retained after it expired, and the other was obtained from a family member while Appellant was on leave. We find insufficient factual and legal bases to support Appellant's guilty plea to this offense and take action in our decretal paragraph.

## I. BACKGROUND

A search of Appellant's on-base office and his off-base private residence found controlled substances hidden in his office and expired non-controlled prescription medicine at his home. Appellant, a Navy psychiatrist, then pleaded guilty to a willful dereliction of duty for prescribing controlled substances to

---

[2] 10 U.S.C. § 892, 912(a), 933 (2016).

his wife and his daughter's boyfriend, illegally possessing a controlled substance in his office,[3] and conduct unbecoming for possessing two prescription, non-controlled substance medications at his off-base home without a current valid prescription.[4] With respect to the Article 133 offense, Appellant possessed 13 Sertraline pills, which were properly prescribed to him in approximately 2014, but the prescription had expired; and 9.5 Trazodone pills, which he believed he had a prescription for but were in fact given to him by a family member in approximately 2014. There was no evidence Appellant ever did anything more than simply possess these substances. The wrongfulness of the possession—relied upon by the military judge and the parties—is defined by SECNAVINST 5300.28F, dated 23 April 2019, as "possession of a . . . prohibited substance without legal or medical justification or authorization."[5]

## II. DISCUSSION

### A. Standard of Review

Prior to accepting a guilty plea, the military judge must ensure the plea is supported by a factual basis.[6] The military judge must elicit sufficient facts to satisfy every element of the offense in question, and the military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion.[7] Questions of law arising from the guilty plea are reviewed de novo.[8]

A military judge abuses his discretion if a ruling is based on an erroneous view of the law or if the military judge fails to obtain an adequate factual basis

---

[3] After prescribing a controlled substance for his wife in violation of Naval standards for practicing medicine, Appellant then wrongfully took pills out of the prescription bottle for himself and hid them in his office.

[4] The daughter's boyfriend had no affiliation with the military.

[5] Sec'y of the Navy Instr. 5300.28F, *Military Substance Abuse Prevention and Control*, para. 18 (Apr. 23, 2019) [SECNAVINST 5300.28F].

[6] *United States v. Price*, 76 M.J. 136, 138 (C.A.A.F. 2017).

[7] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

[8] *Id.*

for the plea—however, the factual basis is an area the military judge is afforded significant deference.[9] A reviewing appellate court may only reject a guilty plea if there is a substantial basis in law or fact to question the plea.[10]

An accused may express his willingness to admit guilt to an offense, but that alone is not sufficient to establish the providence of a plea of guilty as it only reflects his subjective belief that his conduct as alleged was criminal. Assuming that the language of the specification sufficiently states an offense, the accused must also reveal factual circumstances that objectively establish his guilt within the "four corners" of the specification.[11] A conviction cannot be upheld even if an accused pleads guilty to a conduct unbecoming charge when there are not sufficient facts to reasonably support the charge.[12]

## B. Providence Inquiry for Article 133

Article 133 contains two elements: (1) that the accused did or omitted to do certain acts; and (2) that under the circumstances, these acts or omissions constituted conduct unbecoming an officer and a gentleman. When such acts are in an unofficial capacity, the acts must be ones that "in dishonoring or disgracing the officer personally, seriously compromises the person's standing as an officer."[13] The acts must be dishonorable and compromising, constituting serious breaches of the standards of morality and integrity, and exceeded the limit of tolerance based on customs of the service.[14] When the government's theory of criminality is based on an enumerated article, the elements of that article, in this case Article 92, are additional elements to the Article 133 charge. The

---

[9] *United States v. Simpson*, 77 M.J. 279, 282 (C.A.A.F. 2018) (quoting *United States v. Nance*, 67 M.J. 362, 365 (C.A.A.F. 2009)).

[10] *Inabinette*, 66 M.J. at 322.

[11] *United States v. Chambers*, 12 M.J. 443, 444 (C.M.A. 1982).

[12] *United States v. Norvell*, 26 M.J. 477, 480 (C.M.A. 1988) (footnote omitted).

[13] Article 133(c)(2), UCMJ.

[14] *United States v. Nelson*, 80 M.J. 748, 755–57 (N-M. Ct. Crim. App. 2021), *review granted*, 81 M.J. 452 (C.A.A.F. 2021) (mem.). *See also United States v. Giordano*, 35 C.M.R. 135, 140 (C.M.A. 1964). We note the record is silent whether such possessions would have been a violation of North Carolina or any other state law or if the possession would cause the Appellant to lose his license to practice medicine.

military judge properly provided Appellant both the Article 133 and 92 elements.[15]

The military judge instructed, consistent with the stipulation of fact between the parties, that to meet the wrongfulness element, under SECNAVINST 5300.28F, Appellant had to possess the two substances without legal or medical justification or authorization; and had to have a duty to obey the SECNAVINST. Appellant, in the stipulation of fact and during the providence inquiry, stated the only basis for the possession being wrongful was that the possession violated the SECNAVINST, as there was no legal or medical justification or authorization to possess the substances. Outside of conclusory statements by Appellant, however, the military judge did not address how this conduct by Appellant, as an officer, was dishonorable and compromising, constituting serious breaches of the standards of morality and integrity, and exceeded the limit of tolerance based on customs of the service[16]

Using the violation of SECNAVINST 5300.28F for having expired medication as the sole basis for the wrongfulness of conduct unbecoming, and Appellant's assertion that the conduct was serious misbehavior, dishonorable, dishonest, morally unfitting and unworthy of someone being an officer, the military judge entered a finding of guilty consistent with Appellant's plea.[17]

## C. Dishonorable and Compromising Conduct under Article 133

Article 133 does not apply to every negative or even minor criminal fact pattern involving an officer. The focus is on the effect of the conduct on the person's status as an officer generally, not on the person's status as a professional, e.g., a doctor or an engineer.[18] The gravamen of the offense of conduct unbecoming an officer, when such action is in a private capacity, is an "action

---

[15] The conduct unbecoming charge did not mention an orders violation but was based on wrongfully and dishonorably possessing prescription medications without a valid prescription.

[16] *Nelson*, 80 M.J. at 755–57.

[17] We note SECNAVINST 5300.28F was effective on 23 April 2019, yet Appellant was charged with and pled to wrongful possession from on or about 18 October 2017 to on or about 14 June 2019. The military judge did not address any prior order or other theory of wrongfulness prior to 23 April 2019. In the stipulation the parties agreed only to wrongful possession on 14 June 2019 and although the Appellant admitted to possession for a longer period during the providence inquiry, the military judge never addressed another theory for wrongfulness pre-23 April 2019.

[18] *Nelson*, 80 M.J. at 755.

or behavior dishonoring or disgracing the officer personally, [which] seriously compromises the person's standing as an officer."[19]

The essential question is whether the conduct meets the standard for conduct unbecoming an officer, not whether the conduct merely amounts to some other offense.[20] If the conduct constituted a criminal offense, there must still be sufficient evidence that the conduct constitutes serious breaches of standards of morality and integrity and exceeded the limit of tolerance based on customs of the service.[21] For an officer's conduct to be punishable under Article 133, it must be so disgraceful as to render an officer unfit for service; otherwise, every dereliction or misstep by an officer could be prosecuted as conduct unbecoming.[22]

Acts of dishonesty, unfair dealing, indecency, indecorum, lawlessness, injustice, or cruelty exemplify behavior that violates Article 133, while conduct amounting to minor derelictions, even though criminally offensive, do not.[23] "If the act, though ungentlemanlike be of a trifling character, involving no material prejudice to individual rights, or offence against public morals or decorum, it will not in general properly be viewed as so affecting the reputation of the officer or the credit of the service as to be made the occasion of a prosecution under the Article."[24]

We must resolve the question of whether the matters elicited during the plea inquiry objectively furnished a factual predicate for Appellant's plea. Recognizing that a military judge is entitled to much deference when it comes to accepting guilty pleas, he must nevertheless elicit facts from which he can determine the factual basis for the plea, and "mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea."[25]

---

[19] Article 133(c)(2), UCMJ; *See also United States v. Guaglione*, 27 M.J. 268, 271 (C.M.A. 1988).

[20] *Nelson*, 80 M.J. at 756 (citations omitted). This case is distinguishable from the wrongful *use* of a previously-prescribed controlled substance for a purpose other than for which it was prescribed. *See United States v. Mull*, 76 M.J. 741, 745–46 (A.F. Ct. Crim. App. 2017) (en banc).

[21] *Id.*

[22] *Guaglione*, 27 M.J. at 271.

[23] *MCM*, pt. IV, para. 90(c)(3).

[24] *United States v. Brown*, 55 M.J. 375, 382 (C.A.A.F. 2001) (quoting William Winthrop, *Military Law and Precedents* 711-12 (2d ed. 1920 Reprint) (footnotes omitted)).

[25] *United States v. Outhier*, 45 MJ 326, 331 (C.A.A.F. 1996) (citation omitted).

Regarding the Sertaline medication, Appellant had a legal prescription for it and simply kept it for several years beyond the expiration date. The pills were only found during a search of his private off-base residence. There was no evidence Appellant abused the medication or even used it at all after it expired. There was no evidence of fraud or deception. There was no evidence this possession was so disgraceful to make Appellant unfit to serve. There was no evidence in the record that this possession would have even had any negative impact on Appellant's professional status or his ability to be a doctor. There was no evidence that his possession violated any state law. In sum, there was no factual basis in the record to support Appellant's conduct being so offensive as to constitute a serious breach of the standards of morality and integrity.

With regard to the Trazadone medication, Appellant stated that he believed he had a prescription, but while on leave years ago, obtained the Trazadone on from his relative. Like the Sertaline, the pills were found during a search of the Appellant's off-base house and there was no evidence he abused the medication or even used it at all. There was no evidence of fraud or deception. There was no evidence this possession was so disgraceful to make Appellant unfit to serve. There was no evidence in the record that this possession would have even had any negative impact on his ability to be a doctor. There was no evidence that his possession violated any state law. Thus, like the possession of the Sertaline, there was no factual basis in the record to support Appellant's conduct being so offensive as to constitute a serious breach of the standards of morality and integrity.

The record contains only hollow conclusory statements from Appellant that his actions dishonored or disgraced him personally and seriously compromised his standing as an officer. But the basis for these statements was simply that Appellant had been charged with this offense and people knew he had been charged. No evidence was submitted on how possessing old non-controlled substances was disgraceful, dishonoring, or seriously compromising to Appellant's standing as an officer. Thus, irrespective of whether or not the possession of these non-controlled substances amounted to an orders violation, without more, the evidence in the record is factually and legally insufficient to support acceptance of the guilty plea for conduct unbecoming an officer. We therefore find the military judge abused his discretion in accepting Appellant's plea to this offense and set it aside the guilty finding.

### D. Sentence Reassessment & Sentence Appropriateness

Though this case arises under the 2016 Military Justice Act's [MJA 2016] sentencing scheme—with its segmented and unitary sentencing—we are only focused on the dismissal Appellant received. Because the dismissal is the only remaining part of the unitary sentence (and the only remaining part of the

sentence overall following action by the convening authority), we can proceed with the traditional sentence reassessment we have conducted prior to MJA 2016.[26]

Having set aside the guilty findings to Charge III and its sole Specification, we must determine if we can reassess the sentence "more expeditiously, more intelligently, and more fairly than a new court-martial."[27] In reassessing sentences, we "act with broad discretion."[28]

If we are able to determine that the sentence imposed on Appellant, absent the error, would have been at least of a certain magnitude and no higher than would have been received without the error, we may reassess the sentence.[29] A sentence we seek to affirm has to be "appropriate," meaning it is not only "purged of prejudicial error [but] also . . . 'appropriate' for the offense involved."[30]

We look to the non-exclusive list of five factors in *United States v. Winckelmann* to determine whether to reassess a sentence or to order a sentencing rehearing: (1) whether there has been a dramatic change in the penalty landscape and exposure; (2) the forum of the court-martial; (3) whether the remaining offenses capture the gravamen of the criminal conduct; (4) whether significant aggravating circumstances remain admissible and relevant; and (5) whether the remaining offenses are the type with which we as appellate judges have experience and familiarity to reasonably determine what sentence would have been imposed at trial.[31]

Under all the circumstances presented, we find that we can reassess the sentence and it is appropriate to do so. The change in the penalty landscape is minimal, as the maximum punishment for confinement has been reduced from seven years and six months to five years and six months and the plea agreement did not permit any confinement.[32] Appellant was not sentenced to any

---

[26] *See United States v. Alkazahg*, 81 M.J. 764, 785 (N-M. Ct. Crim. App. 2021).

[27] *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (internal quotation marks omitted).

[28] *Id.*

[29] *Nelson*, 80 M.J. at 759 (citations omitted).

[30] *Id.* (citations omitted).

[31] *Winckelmann*, 73 M.J. at 15–16.

[32] Although the Government and Defense originally stated the maximum confinement was six years and six months, the plea agreement stated, and all parties and the

confinement and the adjudged reprimand was disapproved as a matter of clemency. The remaining serious offenses relating to controlled substances, namely the possession of a controlled substance and a willful dereliction of duty by prescribing controlled substances to his wife and his daughter's boyfriend, capture the gravamen of the criminal conduct for which Appellant was sentenced. Additionally, we have significant experience and familiarity with the offenses that remain and conclude that sentence reassessment is appropriate.

Absent the error, we are confident that the military judge would have imposed a sentence no lesser than a dismissal.

With regard to sentence appropriateness, we take into account Appellant's service and personal circumstances, to include his meritorious period of sixteen years of service. However, as an officer and a doctor, he used his ability to write prescriptions for the Navy to write prescriptions for controlled substances for his daughter's boyfriend and his wife, then wrongfully possessed the controlled substance he prescribed for his wife by taking them out of the pill bottle and then keeping them hidden in his office on base.

Considering all the circumstances, we determine that Appellant's sentence as reassessed to a dismissal, is appropriate.

## III. CONCLUSION

The findings of guilty to Charge III and its Specification are **SET ASIDE** and **DISMISSED WITH PREJUDICE**. After careful consideration of the record, the remaining findings and the reassessed sentence of dismissal are cor-

---

military judge agreed, that the maximum confinement was ten years and six months. However, the actual maximum confinement was seven years and six months (all parties incorrectly used five years for a violation of Article 112a for the Article 133 instead of the correct two years for an Article 92 violation). The plea agreement only allowed for a sentence of a dismissal and any other lawful punishment (in this case, a reprimand, which was disapproved during clemency) while dismissing multiple specifications which would have increased the confinement maximum by twenty-eight years to thirty-five years and six months. Looking at all the circumstances in the case, including the dismissal of multiple charges and the potential for years in confinement, we find that the error in advice by the military judge, as well as the error in the plea agreement, was not a substantial factor in Appellant's decision to plea. *See United States v. Hemingway*, 36 M.J, 349, 353 (C.M.A. 1993).

rect in law and fact and no error materially prejudicial to Appellant's substantial rights remains.[33] Accordingly, the remaining findings and sentence as reassessed by this Court are **AFFIRMED**.

Senior Judge STEPHENS and Judge DEERWESTER concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[33] Articles 59 & 66, UCMJ.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202100069 |
| **v.** | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Mark E. HALLER**<br>**Lieutenant Commander (O-4)**<br>**U.S. Navy** | |
| *Accused* | *As Modified on Appeal* |
| | **24 January 2022** |

On 22 December 2020, the Accused was tried at Marine Corps Base Camp Lejeune, North Carolina, by a general court-martial, consisting of a military judge sitting alone. Military Judge Kevin S. Woodard presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

*Plea:* Not Guilty.
*Finding:* Guilty.

**Specification 1:** **Violation of a Lawful General Order on or about 14 June 2019 by wrongfully possessing Mitragynine.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification 2:** **Violation of a Lawful General Order on or about 14 June 2019 by wrongfully possessing Methocarbamol.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification 3:** **Violation of a Lawful General Order on or about 14 June 2019 by wrongfully possessing Sertraline.**

*Plea:* Not Guilty.
*Finding:* Dismissed

**Specification 4:** **Violation of a Lawful General Order on or about 14 June 2019 by wrongfully possessing Trazodone.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification 5:** **Willful Dereliction of Duty between 5 March 2018 and 14 June 2019 by willfully failing to practice medicine in accordance with the standards outlined in the Manual of the Medical Department.**

*Plea:* Not Guilty.
*Finding:* Guilty.

**Charge II:** **Violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a.**

*Plea:* Not Guilty.
*Finding:* Guilty.

**Specification 1:** **Wrongful Possession of Clonazepam, a Schedule IV controlled substance on or about 14 June 2019.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification 2:** **Wrongful Possession of Lisdexamfetamine, a Schedule IV controlled substance, at or near Hampstead, North Carolina, on or about 14 June 2019.**

*Plea:* Not Guilty.
*Finding:* Dismissed.

**Specification 3:** **Wrongful Possession of Lisdexamfetamine, a Schedule IV controlled substance, at or near Marine Corps Base Camp Lejeune, North Carolina, on or about 14 June 2019.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 4:** **Wrongful Possession of marijuana on or about 14 June 2019.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Specification 5:** **Wrongful Use of Oxycodone on or about 14 June 2019.**

> *Plea:* Not Guilty.
> *Finding:* Dismissed.

**Charge III:** **Violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933.**

> *Plea:* Guilty.
> *Finding:* Dismissed.

**Specification:** **Conduct Unbecoming an Officer between on or about 18 October 2017 and on or about 14 June 2019 by wrongfully and dishonorably: possessing various prescription medications without a valid prescription; possessing various controlled substances and drug paraphernalia; prescribing controlled substances to two persons; and using Oxycodone.**

> *Plea:* Not Guilty, but Guilty of wrongfully and dishonorably possessing Sertraline and Trazodone without a valid prescription.
> *Finding:* Dismissed.

## SENTENCE

On 22 December 2020, the Accused was sentenced by a military judge. The Accused was adjudged the following sentence as modified by this Court:

**A Dismissal from the Service.**

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court